Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

**ATTORNEY FOR PLAINTIFF**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

BARBARA NICANDER,

    Plaintiff,

    v.                                                Civil Action No._____

LAW OFFICES OF LAURENCE A.
HECKER, ATTORNEY AT LAW,
LAURENCE A. HECKER, and GREG
CHANDLER,

    Defendants.

**COMPLAINT**

**DEMAND FOR JURY**

## I. INTRODUCTION

1. This is an action for damages brought by consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices, and Civil Code §3345 which provides for a trebling of damages for deceptive and unfair acts involving disabled persons. Plaintiff was a disabled and unemployed person, at all

times relevant herein, subjected to Defendants' false, deceptive and misleading collection practices.

2. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff BARBARA NICANDER (hereinafter "Ms. Nicander") was a disabled and unemployed person residing in San Jose, CA, at all times relevant herein.

5. Ms. Nicander is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal. Civil Code § 1788.2.

6. Defendant LAW OFFICES OF LAURENCE A. HECKER, ATTORNEY AT LAW (hereinafter "Defendant Collector"), is a New Jersey law office that regularly attempts to collect debts owed another with its principal place of business located at 650 College Road East, Suite 1800, Princeton, NJ 08540.

7. Defendant Collector is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2.

8. Defendant LAURENCE A. HECKER (hereinafter "Defendant Hecker") is an attorney licensed to practice in the state of New Jersey and is engaged in the business of collecting consumer debts in California for third parties from a mailing address of 650 College Road East, Suite 1800, Princeton, NJ 08540.

9. Defendant Hecker is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant GREG CHANDLER (hereinafter "Defendant Chandler") is an employee of Defendant Collector and is engaged in the business of collecting consumer debts in California for third parties.

11. Defendant Chandler is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

12. Plaintiff alleges that at all times herein mentioned, each Defendant was, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Defendants authorized, approved and/or ratified the wrongful acts herein. Defendants authorized, approved, and/or ratified the wrongful acts herein.

13. Any reference hereinafter to "Defendant" or "Defendants" or "Defendant Collector", without further qualification is meant by the Plaintiff to refer to each Defendant named above.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff Barbara Nicander (hereinafter "Ms. Nicander") incurred a financial obligation to Providian Bank. The debt was primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

15. Ms. Nicander is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Ms. Nicander, the debt was sold, assigned or otherwise transferred to CACV.

16. CACV then hired Defendants to collect the debt from Ms. Nicander.

17. On or about November 20, 2006, Defendants sent a collection letter to Ms. Nicander in an attempt to collect a debt or collect payment on a debt. A true and correct copy of the November 20, 2006 collection letter is attached to the herein complaint as **Exhibit 1**.

18. **Exhibit 1** is Defendants' first communication to Ms. Nicander in connection with collecting the debt.

19. **Exhibit 1** contained the facsimile signature of "Laurence A. Hecker" (Defendant Hecker).

20. **Exhibit 1** failed to provide Ms. Nicander with a proper validation notice required by 15 U.S.C. § 1692g.

21. **Exhibit 1** does not include the notice required by Cal. Civil Code § 1812.700(a).

22. Defendants' failure to provide proper notice to consumers of their rights violated state and federal law pursuant to Cal. Civil Code § 1812.700, Cal. Civil Code § 1788.17, 15 U.S.C. §§ 1692e(5), 1692e(10), 1692f, and 1692g.

23. **Exhibit 1** contained false, deceptive, and misleading statements in an effort to collect a debt or collect payment on a debt.

24. **Exhibit 1** falsely threatened imminent action not intended and not taken within the time frame taken, including legal action by Defendants.

25. **Exhibit 1** created a false sense of urgency.

26. **Exhibit 1** falsely threatened to sue in an improper venue (New Jersey) or where Defendant is not licensed (California).

27. On or about November 29, 2006, Greg Chandler ("Defendant Chandler"), an employee of Defendant Collector, called Ms. Nicander in an attempt to collect a debt or collect payment on a debt.

28. At the time of the call, Ms. Nicander was disabled and out of work as a result of her disability. Ms. Nicander suffers from chronic obstructive pulmonary disease, which affects her breathing and blood pressure, and spinal arthritis.

29. Ms. Nicander explained to Defendant Chandler that when she borrowed the money from the creditor, she did not plan on being disabled. Defendant Chandler told Ms. Nicander she should be ashamed of taking other people's money and not paying it back, accused her of refusing to pay, and stated that what she had done was criminal.

30. Defendant Chandler then threatened Ms. Nicander that further action could be taken against her, using language that impliedly threatened imminent suit.

31. Defendant Chandler also threatened to take action that cannot legally be taken, including threatening to take social security benefits.

32. As a result of Defendants' threats of imminent suit and unlawful conduct, Ms. Nicander's blood pressure rose, her face turned beet red, she thought she was having a stroke, and immediately took blood pressure medication. Ms. Nicander was crying hysterically, vomited and experienced gastrointestinal problems. Ms. Nicander's anxiety continued after that date.

33. Defendants were aware Ms. Nicander was disabled. Ms. Nicander is substantially more vulnerable than other members of the public to Defendants' conduct because of her disability.

34. Plaintiff suffered substantial emotional distress in the form of upset, anxiety, worry, amongst other negative emotions.

35. On information and belief, Ms. Nicander contends that Defendants had no intention on filing suit in Santa Clara County in the time frame threatened.

36. Defendants did not file a lawsuit against Ms. Nicander as threatened nor did they intend to within the time frame threatened.

37. Defendants sent collection letters in the form of **Exhibit 1** to more than 40 persons in California, in the one-year preceding the filing of this complaint. Ms. Nicander may seek to amend to add class allegations at a later date.

## V.  FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

38. Plaintiff incorporates by reference each paragraph alleged above.

39. The foregoing acts and omission of Defendants constitute violations of the FDCPA, including but not limited to: 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692g as evidenced by the following conduct:

40. Defendants violated 15 U.S.C. §§ 1692e and 1692e(5) by falsely threatening imminent actions not intended and did not take within the time frame threatened including legal action, and taking action that cannot legally be taken, and threatening action that cannot legally be taken.

41. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) using false, deceptive, and misleading statements in an attempt to collect a debt.

42. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by creating a false sense of urgency.

43. Defendants violated 15 U.S.C. §§ 1692e(5), 1692e(10), 1692f, and 1692g by failing to provide proper notices required by federal and state law.

44. Defendants violated 15 U.S.C. § 1692g by failing to provide Plaintiff with required notices.

45. As a result of the above violations of the FDCPA, Defendants are liable to Ms. Nicander for statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF
### (California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*)

(As to the Defendants Law Offices of Laurence A. Hecker, Attorney at Law and Greg Chandler)

46. Plaintiff incorporates by reference each paragraph alleged above.

47. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq.

48. Defendants violated Civil Code § 1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of Title 15 United States Code (FDCPA).

49. Defendants violated Cal. Civil Code § 1788.13(j) by falsely threatening a lawsuit was about to be filed.

50. Defendant Collector failed to include the notice required by Cal. Civil Code § 1812.700(a) in their first written notice to Ms. Nicander, in violation of Cal. Civil Code § 1788 et seq.

51. Defendant Collector's acts described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1812.702.

52. Defendants' acts described above were done willfully and knowingly with the purpose of coercing Ms. Nicander into repaying the alleged debt within the meaning of Cal. Civil Code § 1788.30(b).

53. Pursuant to Cal. Civil Code § 1788.32, the remedies under Civil Code "are intended to be cumulative and in addition to any other remedies under any other law.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against the Defendants for the following:

A. Judgment that Defendants' conduct violated the FDCPA and the state Act.

B. Statutory damages pursuant to 15 U.S.C. § 1692k, Civil Code § 1788.17 and Civil Code § 1788.30.

C. Treble damages pursuant to Civil Code § 3345.

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code § 1788.17 and Civil Code § 1788.30.

E. Grant such other and further relief as it deems just and proper.

_____          _____
Ronald Wilcox                                         Date
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demand trial by jury in this action.

_____          _____
Ronald Wilcox                                              Date
Attorney for Plaintiff