Mark E. Ellis – 127159
June D. Coleman – 191890
David B. Leas – 238326
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants LAW OFFICE OF LAURENCE A. HECKER, attorney at Law, LAURENCE A. HECKER and HARRY PARKER, erroneously sued as GREG CHANDLER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA NICANDER,<br><br>　　　Plaintiff,<br><br>v.<br><br>LAW OFFICE OF LAURENCE A. HECKER, ATTORNEY AT LAW, LAURENCE A. HECKER and GREG CHANDLER,<br><br>　　　Defendants. | Case No.: C 07-05838 JF<br><br>**ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants LAW OFFICE OF LAURENCE A. HECKER, attorney at Law, LAURENCE A. HECKER and HARRY PARKER, erroneuously sued as GREG CHANDLER (hereinafter "Defendants") hereby respond to Plaintiff's Complaint as follows:

1. As to Paragraph 1, Defendants admit that Plaintiff appears to accurately describe the purpose of the various statutory schemes referenced. Defendants lack sufficient information to admit or deny that Plaintiff was a disabled and unemployed person, and on that basis deny said allegations. Defendants deny that any collection practices were false, deceptive or misleading.

2. As to Paragraph 2, Defendants admit that Plaintiff appears to accurately describe the referenced statute.

///

///

- 1 -

ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT

3.    As to Paragraph 3, Defendants admit that the Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Defendants deny that the Court has supplemental jurisdiction and that declaratory relief is available. Defendants do not challenge venue at this time

4.    As to Paragraph 4, Defendants lack sufficient information and knowledge to admit or deny this allegation and on that basis deny.

5.    As to Paragraph 5, Defendants lack sufficient information and knowledge to admit or deny this allegation and on that basis deny.

6.    As to Paragraph 6, Defendants admit that the indicated defendant is a law firm, located at the stated address, with a practice that includes the collection of debts owed by another.

7.    As to Paragraph 7, Defendants admit this allegation.

8.    As to Paragraph 8, Defendants admit this allegation.

9.    As to Paragraph 9, Defendants admit this allegation.

10.    As to Paragraph 10, Defendants admit that the Law Offices of Laurence A. Hecker employs an individual who, for security purposes uses the name Greg Chandler when attempting to collect consumer debts.

11.    As to Paragraph 11, Defendants admit this allegation.

12.    As to Paragraph 12, Defendants deny this allegation.

13.    Paragraph 13 contains no allegation that requires an admission or denial from Defendants.

14.    As to Paragraph 14, Defendants are informed and believe that Plaintiff incurred a debt to Providian Bank, and on that basis admit. Defendants lack sufficient information to admit or deny Plaintiff's remaining allegations and on that basis deny said allegations.

15.    As to Paragraph 15, Defendants are informed and believe that Plaintiff's debt was sold, assigned or otherwise transferred to CACV, and on that basis admit this allegation.

16.    As to Paragraph 16, Defendants admit this allegation.

17.    As to Paragraph 17, Defendants admit this allegation.

18.    As to Paragraph 18, Defendants lack sufficient information and knowledge to admit or deny this allegation and on that basis deny.

19. As to Paragraph 19, Defendants admit this allegation.

20. As to Paragraph 20 Defendants deny this allegation.

21. As to Paragraph 21, Defendants admit that the letter does not include the notice described in California Civil Code section 1812.700(a).

22. As to Paragraph 22, Defendants deny this allegation.

23. As to Paragraph 23, Defendants deny this allegation.

24. As to Paragraph 24, Defendants deny this allegation.

25. As to Paragraph 25, Defendants deny this allegation.

26. As to Paragraph 26, Defendants deny this allegation.

27. As to Paragraph 27, Defendants admit that the collector using the name Greg Chandler telephoned Plaintiff on or about November 28, 2006 in an attempt to collect a debt. Defendants deny making any call to Plaintiff on November 29, 2006.

28. As to Paragraph 28, Defendants lack sufficient information and knowledge to admit or deny this allegation and on that basis deny.

29. As to Paragraph 29, Defendants lack sufficient information and knowledge to admit or deny this allegation and on that basis deny.

30. As to Paragraph 30, Defendants deny this allegation.

31. As to Paragraph 31, Defendants deny this allegation.

32. As to Paragraph 32, Defendants deny this allegation.

33. As to Paragraph 33, Defendants deny this allegation.

34. As to Paragraph 34, to the extent that Plaintiff suggests that she suffered the alleged distress as the result of any of Defendants' conduct, Defendants deny this allegation.

35. As to Paragraph 35, Defendants deny that they threatened any conduct without intending to actually take such action.

36. As to Paragraph 36, Defendants admit that they did not file a lawsuit against Plaintiff. Defendants deny that they threatened to file a suit without intending to actually do so.

37. As to Paragraph 37, Defendants lack sufficient information and knowledge to admit or deny this allegation and on that basis deny.

ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT

38. As to Paragraph 38, Defendants repeat and incorporate each response above as if set forth fully herein.

39. As to Paragraph 39, Defendants deny this allegation.

40. As to Paragraph 40, Defendants deny this allegation.

41. As to Paragraph 41, Defendants deny this allegation.

42. As to Paragraph 42, Defendants deny this allegation.

43. As to Paragraph 43, Defendants deny this allegation.

44. As to Paragraph 44, Defendants deny this allegation.

45. As to Paragraph 45, Defendants deny this allegation.

46. As to Paragraph 46, Defendants repeat and incorporate each response above as if set forth fully herein.

47. As to Paragraph 47, Defendants deny this allegation.

48. As to Paragraph 48, Defendants deny this allegation.

49. As to Paragraph 49, Defendants deny this allegation.

50. As to Paragraph 50, Defendants admit that the letter sent to Plaintiff did not include the notice described in California Civil Code § 1812.700(a). Defendants deny the remaining allegations.

51. As to Paragraph 51, Defendants deny this allegation.

52. As to Paragraph 52, Defendants deny this allegation.

53. As to Paragraph 53, Defendants admit that plaintiff has accurately quoted the referenced statute.

54. As to plaintiff's prayer for relief, defendant denies that plaintiff is entitled to the relief request or any other relief by way of this action.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

55. Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to these answering Defendants.

///

## SECOND AFFIRMATIVE DEFENSE

56. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable 1 year jurisdictional statute of limitations period of **15 U.S.C. § 1692k(d)** (FDCPA) and/or the statute of limitations period under **Cal. Civ. Code §1788.30(f)** (Rosenthal FDCPA).

## THIRD AFFIRMATIVE DEFENSE

57. Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages, or his Rosenthal claim is barred by virtue of **Cal. Civil Code §1788.30(g)**.

## FOURTH AFFIRMATIVE DEFENSE

58. Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

59. Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such actions were lawful.

## SIXTH AFFIRMATIVE DEFENSE

60. Defendant alleges that Plaintiff's Complaint, and the causes of action alleged therein, is barred because the amount Defendant sought to collect for the account involved in this lawsuit was expressly authorized by the agreement creating the debt.

## SEVENTH AFFIRMATIVE DEFENSE

61. Defendant is informed and believes and thereon alleges that it has no civil liability under the FDCPA, **15 U.S.C. § 1692,** *et seq.*, pursuant to **15 U.S.C. § 1692k(c)** and **Cal. Civil Code §1788.30(e)**, as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

///

///

- 5 -
ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT

**EIGHTH AFFIRMATIVE DEFENSE**

62. Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

**NINTH AFFIRMATIVE DEFENSE**

63. Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

64. Defendant alleges that it acted lawfully and there was a reasonable likelihood that any legal action contemplated and represented to Plaintiff would be taken.

**ELEVENTH AFFIRMATIVE DEFENSE**

65. Defendant alleges that the amounts (including any interest, fee, charge, or expense incidental to the obligation) stated on the collection letters sent to Plaintiff were actually owed.

**TWELFTH AFFIRMATIVE DEFENSE**

66. Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the Doctrine of Unclean Hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

67. Plaintiff's Complaint (and the causes of action alleged therein) is barred by the Doctrines of Waiver, and/or estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

68. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because each of Plaintiff's claims is subject to the litigation privilege set forth in **California Civil Code § 47(b)**, or arising under federal and state common law.

**FIFTHTEENTH AFFIRAMTIVE DEFENSE**

69. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because each of Plaintiff's claims is subject to the interested person privilege set forth in **California Civil Code § 47(c)**, or arising under federal and state common law.

///

ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

70. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is subject to set-off.

## SEVENTEENTH AFFIRMATIVE DEFENSE.

71. Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

72. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

## NINETEENTH AFFIRMATIVE DEFENSE

73. Defendant alleges that Plaintiff's Complaint, and the causes of action for violation of the FDCPA alleged therein, is barred by the Noerr-Pennington doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

74. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, res judicata, failure to join an indispensable party, and abatement.

///
///
///
///
///
///
///
///

ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT

1 **WHEREFORE**, Defendant prays for:

2 1. That Plaintiff, and each of them, take nothing by way of this action;

3 2. That Plaintiff's Complaint be dismissed;

4 3. That Defendant be awarded reasonable attorneys' fees and costs incurred in defending this action; and

6 4. For such other and further relief as this Court deems just and proper.

Dated: February 28, 2008

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By _____
David B. Leas
Attorney for Defendants LAW OFFICE OF LAURENCE A. HECKER, attorney at Law, LAURENCE A. HECKER and HARRY PARKER, erroneuously sued as GREG CHANDLER

**DEMAND FOR JURY TRIAL**

Defendants LAW OFFICE OF LAURENCE A. HECKER, Attorney at Law, LAURENCE A. HECKER and HARRY PARKER, erroneuously sued as GREG CHANDLER, hereby demand a jury trial in this matter.

DATED: February 28, 2008

ELLIS, COLEMAN, POIRIER, LaVOIE & STEINHEIMER, LLP

By _____
David B. Leas
Attorneys for Defendants LAW OFFICE OF LAURENCE A. HECKER, attorney at Law, LAURENCE A. HECKER and HARRY PARKER, erroneuously sued as GREG CHANDLER

ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT

CERTIFICATE OF SERVICE

I, Maria Gutierrez, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On February 28, 2008, I served the following document(s) on the parties in the within action:

**ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT; DEMAND FOR JURY TRIAL**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Ronald Wilcox<br>2160 The Alameda<br>First Floor, Suite F<br>San Jose, CA 95126 | Attorneys for Plaintiff BARBARA NICANDER |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on February 28, 2008.

By: _____
Maria Gutierrez

- 10 -

ANSWER TO PLAINTIFF BARBARA NICANDER'S COMPLAINT