Ronald Wilcox, Esq., State Bar No. 176601
2160 The Alameda, Suite F, First Floor
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

Mark E. Ellis – 127159
Wendy D. Vierra – 210058
David B. Leas – 238326
Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BARBARA NICANDER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LAW OFFICE OF LAURENCE A. HECKER, ATTORNEY AT LAW, LAURENCE A. HECKER, and GREG CHANDLER,<br><br>　　　　Defendants. | CIV. NO. C07-05838 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 19, 2008<br>Time: 10:30 a.m.<br>Courtroom 3<br>5th Floor |

The parties of the above-entitled action jointly submit this Case Management Statement.

1. **JURISDICTION AND SERVICE:**

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Defendant denies that supplemental jurisdiction exists although is not challenging jurisdiction at this time.

**Issues regarding personal jurisdiction or venue**

None known at this time.

///

- 1 -

**Parties which remain to be served:**

None known at this time.

2. **FACTS:**

Plaintiff alleges Defendant collection agency used abusive, intrusive and unlawful practices in an attempt to collect a debt from an elderly disabled person, including falsely threatening arrest and the seizure of social security benefits. Plaintiff also alleged Defendants failed to send proper notices as required by federal and state law. Plaintiff alleges that Defendant's abusive and deceptive acts, caused Plaintiff to suffer substantial emotional distress.

Defendant denies liability.

3. **LEGAL ISSUES:**

   a. Whether Defendants violated 15 U.S.C. §§ 169d, 1692e, 1692e(4), 1692e(5), 1692e(10), 1692f, and Civil Code 1788, Civil Code 1788.13, and Civil Code 1788.17, by falsely threatening arrest in an attempt to collect a debt from an elderly and disabled person.

   b. Whether Defendants violated 15 U.S.C. §§ 169d, 1692e, 1692e(5), 1692e(10), 1692f, and Civil Code 1788, Civil Code 1788.13, and Civil Code 1788.17, by falsely threatening to take Plaintiff's social security benefits.

   c. Whether Defendants falsely threatened imminent legal actions not intended and not taken within the time frame threatened including.

   d. Whether Defendants used false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

   e. Whether Defendants created a false sense of urgency.

   f. Whether Defendants failed to provide Plaintiff with required notices pursuant to 15 U.S.C. 1692g and Civil Code § 1812.700.

   g. Whether Defendants violated 15 U.S.C. 1692e(5), 1692e(10), 1692f, and 1692g by sending false, deceptive and misleading collection letters.

///

**4. MOTIONS:**

Plaintiff has provided Defendants a Stipulation to Amend the Complaint on September 8, 2008. Defendants are considering the amended changes, but have not signed the stipulation at this time. If no agreement regarding the stipulation is reached, Plaintiff will file a Motion to Amend the Complaint. Discovery motions may also be necessary. The parties have reserved a hearing date of November 14, 2008.

**5. AMENDMENT OF PLEADINGS:**

See number 4 above.

**6. EVIDENCE PRESERVATION:**

Discovery is continuing as to what documents the parties still have within their custody, control and possession.

**7. DISCLOSURES:**

The parties shall exchange disclosures by Monday, September 15, 2008.

**8. DISCOVERY:**

*Plaintiff's Position*

Plaintiff began the deposition of Defendant Laurence Hecker, but have not completed it. Third-party Larry Weil failed to appear for his deposition. These depositions will be re-noticed. Also, Defendant seeks to take the deposition of Plaintiff. As is customary, and Defendants counsel has insisted in the past, Plaintiff suggests these depositions take place in order originally noticed. Plaintiff proposes to conduct the depositions of Hecker and Weil the week of October 13, 2008.

*Defendants' Position*

Plaintiff has deposed Mr. Lawrence A. Hecker, who resides in New Jersey. Although Plaintiff contends the deposition has not been completed, Defendants disagree.

Plaintiff also served a Notice of Deposition for third party Larry Weil's deposition. Mr. Weil also resides in New Jersey. Mr. Weil, through defense counsel in this matter, objected to the deposition and request for documents on multiple grounds. To date, Mr. Weil's deposition has not been taken.

///

Defendants have requested the deposition dates for Plaintiff's deposition and also intend to depose third party witnesses identified by Plaintiff in her discovery responses.

9. **CLASS ACTIONS:**

N/A.

10. **RELATED CASES:**

N/A.

11. **RELIEF:**

Plaintiff seeks statutory and actual damages pursuant to Cal. Civil Code § 1788.17, 1788.30, and 15 U.S.C. § 1692k, and common law; treble damages pursuant to Civil Code § 3345, and punitive damages pursuant to CC § 3294. The damages are to be determined by the trier of fact. Plaintiff further seeks costs and reasonable attorney's fees pursuant to Cal. Civil Code § 1788.17, 1788.30, and 15 U.S.C. § 1692k.

12. **SETTLEMENT AND ADR:**

The parties attended mediation with Daniel Bowling and the case did not settle. Plaintiff would be happy to attempt to resolve this matter with through a Settlement Conference with Magistrate Judge Lloyd.

Defendants are considering Plaintiff's suggestion of a further Settlement Conference and will meet and confer with Plaintiff on this subject.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties have not consented to assignment of this case to a United States Magistrate Judge for jury trial.

14. **OTHER REFERENCES:**

N/A.

15. **NARROWING OF ISSUES:**

The parties agree Defendants are debt collectors as defined by 15 U.S.C. 1692a(6); Defendant Harry Parker is also a debt collector as defined by Civil Code §1788.2; Defendants agree a consumer disclosure notice, as required by Civil Code §1812.700, was not mailed to Plaintiff.

///

Defendants dispute that Plaintiff is disabled as that term is defined by Civil Code §1761;

16. **EXPEDITED SCHEDULE:**

N/A.

17. **SCHEDULING:**

*Defendants' position:*

Designation of Experts: 5 months

Discovery Cutoff: 5 months

Hearing of Dispositive Motions: 7 months

Pretrial conference and trial: 9 months

*Plaintiff's position:*

If Defendants do not wish to attend a Settlement Conference with Magistrate Judge Lloyd, there is no reason to delay this matter further, and the Court should set it for trial to occur in the Spring of 2009, or at the Court's convenience.

18. **TRIAL:**

The case will be tried by jury and expected to last for 3-5 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES**

The parties have not filed the "Certification of Interested Entities or Persons." Other than the named parties, there is no such interest to report.

20. **OTHER:**

None known at this time.

Dated: September 12, 2008

Ronald Wilcox, Counsel for Plaintiff

Dated: September 12, 2008

David Deas, Counsel for Defendants