**United States District Court**
For the Northern District of California

**\*E-FILED 12-21-2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA NICANDER, | No. C07-05838 JF (HRL) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| LAURENCE A. HECKER and HARRY PARKER, | [Re: Docket No. 65] |
| Defendants. | |

Plaintiff Barbara Nicander sues for alleged violation of federal and California debt collection laws. Now before this court is Nicander's motion to compel defendants to produce documents and respond to written discovery. Defendants oppose the motion. The matter was deemed submitted without oral argument. See Civ. L.R. 7-1(b); see also Docket No. 88 (Dec. 4, 2009 Order). Upon consideration of the moving and responding papers, this court grants the motion in part and denies it in part as follows:

A.    <u>Defendants' Financial Condition and Net Worth</u>

Plaintiff seeks discovery as to defendants' financial condition and net worth.[1] She argues that the information sought is relevant to her claims for punitive damages. Defendants have provided some responsive information, but contend that further discovery is not warranted and violates their right to privacy.

Defendants have a constitutional right to privacy in their personal information. <u>See Crawford v. United States Trustee</u>, 194 F.3d 954, 958-59 (9th Cir. 1999). However, that right is not absolute and may be overcome by a showing of compelling need. <u>See</u> id. "Courts that have considered whether a disclosure of financial information might violate a constitutional right to privacy have employed a balancing test to determine whether there has been a violation." <u>Charles O. Bradley Trust v. Zenith Capital LLC</u>, No. C04-02239, 2005 WL 1030218 *2 (N.D. Cal., May 3, 2005) (citations omitted). Interests in ascertaining the truth, addressing potentially severe wrongdoing by defendants, and ensuring the enforcement of rights are factors that weigh in favor of disclosure. <u>Id.</u> "[T]he Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." <u>Aliotti v. The Vessel Sonora</u>, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).

With respect to defendant Hecker, plaintiff's motion is granted in part and denied in part as follows:

- Inasmuch as Hecker attests that he has virtually no responsive financial documents (<u>see</u> Hecker Decl. ¶¶ 3-4), he shall produce his current tax return.
- Hecker shall also produce the financial statement he says he prepared and acknowledges is responsive to some of plaintiff's requests (<u>see</u> Hecker Decl. ¶ 3).

---

[1] With respect to defendant Hecker, the requests at issue are Request for Production Nos. 25-28, 30 and 33 (Set 1), Request for Production No. 2 (Set 2), Interrogatory No. 15 (Set 1), and Interrogatory Nos. 3-4 (Set 6). (<u>See</u> Wilcox Decl. Exs. 6-8). As for defendant Parker, the requests at issue are Request for Production No. 1 (Set 1), Request for Production No. 2 (Set 2) and Interrogatory No. 1 (Set 2). (<u>See</u> Wilcox Decl. Exs. 9-11).

2

- Hecker shall answer Interrogatories 3 and 15 (Set 1). His prior answer to Interrogatory 15 merely alluded to his deposition testimony and incorporated that testimony by reference. Interrogatories should be answered separately and fully in writing. FED. R. CIV. P. 33(b)(3). Hecker shall serve answers to these interrogatories that are complete in and of themselves.
- Hecker shall answer Interrogatory 4 (Set 1) and supplement his answer to the identical Interrogatory 4 (Set 6) to include the current value of his residence(s).
- Hecker shall verify his interrogatory responses in compliance with Fed. R. Civ. P. 33.
- Except as set forth above, plaintiff's motion as to Hecker is denied.

As for defendant Parker, plaintiff's motion is granted in part and denied in part as follows:

- The motion to compel further production of documents is denied. The issue as to missing pages reportedly has been remedied. Plaintiff has not managed to convince that further document production is warranted.
- Interrogatory 1 (Set 2) simply seeks Parker's current salary, not a forecast of his 2009-2010 income. Although Parker apparently agreed to supplement his response to state that his salary is $7,500 per month, his supplemental response is vague and ambiguous. Parker shall serve a supplemental response to state that his salary currently is $7,500 per month.
- Parker shall verify his interrogatory responses in compliance with Fed. R. Civ. P. 33.

Defendants shall comply with this order no later than **January 4, 2010**.

B.   Collection Practices

Plaintiff's motion to compel Hecker to serve further answers to Interrogatories 1-3 (Set 1) and RFA 10 (Set 1) (see Wilcox Decl., Ex. 12) as to defendants' collection letter practices as to other debtors is denied. Nicander has not convincingly demonstrated that the requested discovery is relevant or calculated to lead to the discovery of admissible evidence. See, e.g.,

3

1  Dewey v. Associated Collectors, Inc., 927 F. Supp. 1172, 1175-76 (W.D. Wis. 1996) (noting
2  that courts are divided on the issue, but concluding that the better view is that a debt collector's
3  noncompliance as to other consumers is irrelevant to the court's assessment of damages to be
4  awarded to an individual plaintiff); Powell v. Computer Credit, Inc., 975 F. Supp. 1034, 1039
5  (S.D. Ohio 1997) ("By stating that a court in considering statutory damages in an individual
6  FDCPA suit should consider 'the frequency and persistence of noncompliance by the debt
7  collector,' Congress meant that the Court should consider the debt collector's noncompliance as
8  to the individual plaintiff only, and not to others who may have been subject to the debt
9  collector's noncompliance.") (quoting 15 U.S.C. § 1692k(b)(1)).

C. Collection Agreements

Plaintiff moves to compel the production of documents pertaining to defendants' authority to collect the debt in question, including any collection agreements. (See Wilcox Decl., Ex. 1 (Request for Production Nos. 20 and 24 (Set 1))). This court finds that the requested documents are relevant or reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Although defendants argue that collection agreements may contain information protected by the attorney-client privilege, they have not made a particularized showing that the agreement(s) in question (or any contents thereof) fall within the privilege. Nor have they explained why any privileged contents cannot be redacted from the requested agreement(s). Accordingly, plaintiff's motion as to these requests is granted as follows: Defendants shall produce all non-privileged documents responsive to these requests. Any information that legitimately falls within the privilege may be redacted and shall, in any event, be identified on defendants' privilege log pursuant to Fed. R. Civ. P. 26(b)(5). Defendants' production shall be served **no later than January 4, 2010**.

SO ORDERED.

Dated: December 21, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  5:07-cv-05838-JF Notice has been electronically mailed to:

2  June D. Coleman jcoleman@ecplslaw.com, jmueller@ecplslaw.com

3  Kimberly Elizabeth Lewellen klewellen@ecplslaw.com, jmueller@ecplslaw.com, mellis@ecplslaw.com, restrella@ecplslaw.com

4
5  Mark Ewell Ellis mellis@ecplslaw.com, cstrong@ecplslaw.com, klewellen@ecplslaw.com, restrella@ecplslaw.com

6  Ronald Wilcox ronaldwilcox@post.harvard.edu

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California